## No. 549

### CAMPF v. CAMPBELL et

### No. 19809. Supreme Court

On motion to certify. Dock. May 7, 1926.

**147. BILLS AND NOTES—In a suit upon a promissory note, where the answer filed denies consideration for said note, is the burden of proof upon the plaintiff to prove consideration or is it presumed until a failure thereof is proved?**

B. Frank Campbell and T. Campbell brought this action originally before J. A. Woodward, a justice of the peace of Salem township, Columbiana County against James Campf on a promissory note. The justice rendered judgment in favor of Campf and upon appeals to the Columbiana Common Pleas judgment was rendered for Campbell, which judgment was affirmed by the Appeals.

During the pendency of the action Helen C. Robb, Guardian of B. Frank Campbell and Louis S. Campbell and Helen C. Robb executors of T. Campbell were made party defendants as personal representatives of the party litigants.

At the trial of the case the genuineness of the signature on the verification contained in the answer was admitted and thereupon the answer was offered in evidence and the court was requested to wait until a witness arrived to compare the signatures. Thereupon the court directed the defense to proceed, but the defense stated that until the signatures were compared there was no defense to interpose. The plaintiffs then rested, without offering any witness and the defense also rested, whereupon the court upon motion directed a verdict for the plaintiffs, the Campbells. The judgment of the Common Pleas was affirmed by the Appeals. Campf in the Supreme Court contends:

1. That the court should not have directed a verdict until an opportunity had been given to the defendant to withdraw his motion for a directed verdict (both parties had moved the court for a directed verdict).

2. That neither the court nor jury could act in place of hand writing experts without evidence of samples of writing.

3. That the burden of proof concerning the consideration for the note was upon Campbell because the denial of the consideration in the answer overcame the statutory presumption of consideration and that therefore judgment should have been rendered for Campf.

Attorneys—K. L. Cobourn, for Campf; Boone & Campbell, Salem, Billingsly & Moore, Lisbon, for Defendants.

## No. 550

### SMITH v. BLACKMON et

### No. 19799. Supreme Court

On motion to certify. Dock. Apr. 30, 1926.

**480. EVIDENCE—In an action for damages sustained by negligence of defendant, may he, in cross examination of plaintiff, inquire concerning judgments rendered against plaintiff, in other matters?**

John F. Smith brought this action originally in the Lake Common Pleas against Charles F. Blackmon and the Cleveland, Painesville and Eastern Railroad Co. for damages for personal injuries suffered as a result of alleged negligence of defendants. It appears that Smith was injured while descending from a street car belonging to the Company by an automobile driven by Blackmon at an alleged excessive rate of speed. The judgment of the Common Pleas in favor of the Company and Blackmon was affirmed by the Appeals.

At the trial of the case the court permitted counsel for the defendants to cross-examine Smith concerning certain judgments rendered against him in other suits.

The court charged the jury that the burden of proof was upon the plaintiff to establish negligence on the part of the defendants by a preponderance of the evidence but failed to make a similar charge concerning proof of contributory negligence on the part of the plaintiff.

Smith in the Supreme Court contends:

1. That the court erred in admitting testimony concerning judgments in debt rendered against Smith at other trials.

2. That the court erred in failing in charging concerning the establishment of contributory negligence by a preponderance of the evidence.

Attorneys—Bernstein & Bernstein, Cleveland for Smith; Alvord, Blakely, Ostrander & Slocum, Painesville, for Defts.

## No. 551

### STACHOWICZ v. STATE

### No. 19861. Supreme Court

On motion to certify. Dock. June 3, 1926.

**661. INTOXICATING LIQUORS—May a bartender of a soft drink establishment be convicted for illegal possession when intoxicating liquor is found on the second floor of his establishment, but there is no evidence to show that the bartender owned the liquor?**

The State brought this action originally in the Cuyahoga Common Pleas against Stanley Stachowicz which resulted in his conviction for illegal possession.

It appears that Stachowicz was a bartender at a soft drink establishment and that intoxicating liquor was found on the second floor. At the trial there was no evidence to show that the bartender Stachowicz, was the owner of the liquor.

Stachowicz in the Supreme Court contends:

1. That the court erred in permitting an inference that the liquor belonged to Stachowicz.

Attorneys—Kelroy & Dembowski, for Pltf.; E. C. Stanton and F. A. Irvine, Cleveland, for Deft.